UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOWELL FINLEY,<br><br>                Plaintiff,<br><br>        v.<br><br>GAIL LEWIS, et al.,<br><br>                Defendants.<br>_____/ | CASE NO. 1:04-CV-5508-REC-LJO-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED AND DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>(Docs. 50 and 54) |

I.  Parties' Motions for Summary Judgment

    A.  Procedural History

This is a civil rights action filed by plaintiff Jowell Finley ("plaintiff"), a state prisoner proceeding pro se, pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed December 27, 2004, against defendants Gonzales and Auten ("defendants") for failing to protect plaintiff on July 5, 2003, in violation of the Eighth Amendment.[1] (Doc. 49.) On July 5, 2005, plaintiff filed a motion for summary judgment. (Doc. 50.) Defendants filed a cross-

///

---

[1] Plaintiff's Eighth Amendment claims against defendants Herrera, Taylor, Ruth, Lewis, and Buehler, due process claims, and equal protection claim were dismissed from this action for failure to state a claim upon which relief may be granted; plaintiff's claim(s) for mental or emotional injuries was dismissed pursuant to 42 U.S.C. § 1997e(e); plaintiff's claims against defendants Corley, Matthews, Real, and Yates were dismissed pursuant to 42 U.S.C. § 1997e(a); and defendants Herrera, Taylor, Ruth, Lewis, Buehler, Corley, Matthews, Real, and Yates were dismissed from this action based on plaintiff's failure to state any claims upon which relief may be granted against them. (Doc. 49.)

motion for summary judgment and an opposition to plaintiff's motion on August 23, 2005, and on September 1, 2005, plaintiff filed an opposition to defendants' cross-motion.[2]  (Docs. 54-60.)

B.  Summary Judgment Standard

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  It is the moving party's burden to establish that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  British Airways Board v. Boeing Co., 585 F.2d 946, 951 (9th Cir. 1978).

As to plaintiff's motion for summary judgment, "[w]here the moving party has the burden of proof, . . . his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."  Calderone v. United States, 799 F.2d 254, 259 (6th Cir. 1986) (quoting from W. Schwarzer, Summary Judgment Under the Federal Rules: Defining Issues of Material Fact 99 F.R.D. 465, 487 (1984)).  Thus, on a summary judgment motion, the moving party must demonstrate there is no triable issue as to the matters alleged in its own pleadings.  Id.  This requires the moving party to establish beyond controversy every essential element of its claim or defense.  Fontenot v. Upjohn Co., 780 F.2d 1190, 1194 (5th Cir. 1986).  The moving party's evidence is judged by the same standard of proof applicable at trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

As to defendant's motion for summary judgment, "where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made

---

[2] Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment by the court in an order filed on September 29, 2005.  Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).  (Doc. 62.)  Because the notice was issued after plaintiff opposed defendants' motion for summary judgment, plaintiff was provide with the opportunity to file a new opposition.  (Doc. 63.)  Plaintiff declined to do so and opted to proceed with the opposition already on file.  (Doc. 64.)

in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587 (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

### C. Statement of Undisputed Facts

1. On July 6, 2003, plaintiff approached defendants Gonzales and Auten, and informed them that inmate McFadden, who was plaintiff's cell mate, had threatened him and he feared for his safety.
2. Defendants Gonzales and Auten told plaintiff they would take care of the situation.
3. After speaking with plaintiff, defendants recorded plaintiff's contact in the log book for Building A-3 and advised the facility sergeant of plaintiff's concerns.
4. Defendants were informed that the sergeant needed to speak with plaintiff before any action could be taken.
5. Defendants' shift ended at 2:00 p.m.
6. Plaintiff was moved to a different cell at approximately 3:30 p.m.
7. Plaintiff was not attacked by his cell mate and did not report any attacks by his cell mate at any time on July 6, 2003.
8. Plaintiff did not voice any concerns about his cell mate to defendant Auten until the morning of July 6, 2003.

D.     Discussion

In his amended complaint, plaintiff alleges that following a disciplinary hearing at which his cell mate, inmate McFadden, was found guilty of possessing manufactured alcohol, McFadden blamed plaintiff for causing their cell to be searched and threatened to harm plaintiff if plaintiff did not get another cell. On July 5, 2003, McFadden threatened to hit plaintiff with a large canned good he had in his hand, threatened to kill plaintiff, and told plaintiff that if plaintiff did not get out of their cell, they were going to fight and McFadden was going to use more than the canned good. On July 6, 2003, plaintiff informed defendants Gonzales and Auten that his cell mate came at him with a weapon, and threatened to kill him, and that plaintiff was afraid and took the threats seriously due to McFadden's long history of violence. Defendants said they would take care of the situation but did not take any action and then left for the day.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844-45. Mere negligence

5

on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Id. at 835; Frost, 152 F.3d at 1128.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

Plaintiff argues that he is entitled to judgment as a matter of law on his claim that defendants acted with deliberate indifference to his safety concerns when they failed to take any action after he informed them that his cell mate had threatened to harm him. Plaintiff contends that on June 22, 2003, after his cell mate began threatening him, he informed defendant Gonzales that his cell mate was making serious threats toward him, but defendant failed to take any action. (Doc. 50, Finley Dec., ¶ 5.) Plaintiff contends that on July 6, 2003, he approached defendants Gonzales and Auten, and informed them that his cell mate was threatening his life and he was afraid for his safety. (Id., ¶ 13.) Plaintiff contends that defendants informed him they would take care of the situation but did nothing and then went home for the day. (Id., ¶ 14, 15.) Plaintiff contends that he then informed officers Lee and Green of his concerns, and they took immediate action by calling Sergeant Herrera. (Id., ¶ 16.) Plaintiff was interviewed by Sgt. Herrera and then moved from the cell. (Id., ¶ 17.)

Defendants contend that on July 6, 2003, at approximately 9:00 a.m., plaintiff approached them with a kite stating that his cell mate had threatened him and he was concerned.[3] (Auten Dec.,

---

[3] Defendants do not explain what a kite is, but the court believes it to be a written note.

1  ¶ 3; Gonzales Dec., ¶ 3; Exhibit B, p. 2.[4]) Defendants contend that at approximately 9:15 a.m.,
2  defendant Auten contacted Sergeant Young and advised him about plaintiff's kite.[5] (Auten Dec.,
3  ¶ 5; Exhibit B, p. 3.) Defendants contend that at approximately 10:30 a.m., after plaintiff inquired
4  into what was going to be done, defendant Auten again contacted Sergeant Young about plaintiff's
5  situation. (Id., ¶ 7; Exhibit B, p. 3.) Defendants contend that Sergeant Young stated that he would
6  need to speak with plaintiff about his concerns. (Id., ¶ 7.) Defendants contend that defendant Auten
7  told plaintiff he should go and see Sergeant Young but plaintiff refused because it was his yard time.
8  (Id., ¶ 8.) Defendants ended their shift at 2:00 p.m. and left for the day. (Auten Dec., ¶ 9; Gonzales
9  Dec., ¶ 9.)

    To prevail on his motion for summary judgment, plaintiff must establish beyond controversy every essential element of his claim. Fontenot v. Upjohn Co., 780 F.2d 1190, 1194 (5th Cir. 1986). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

    Although plaintiff contends that defendants did nothing when he informed them of his safety concerns, defendants have submitted evidence that after being notified by plaintiff of his concerns, they twice contacted Sergeant Young about the situation. Plaintiff was subsequently moved to another cell later that afternoon, without incident. In light of this evidence, it has not been

///

---

[4] Defendants' counsel is advised that electronic filing does not relieve him of his obligation to mark his exhibits. In this instance, Exhibit A is only one page and Exhibit B is only three pages. In a case involving additional exhibits, the court would not be inclined to overlook counsel's failure to separately identify his exhibits and to paginate the pages within each exhibit.

[5] In their statement of undisputed facts, defendants set forth that after they received plaintiff's kite but before Sergeant Young was contacted, they spoke with plaintiff about his concerns. (Doc. 55, Def. Stmt. of Undisp. Facts, Fact 3.) This proposed fact is not support by any evidence. Defendants' counsel is cautioned about expanding his undisputed facts beyond what his evidence supports.

7

established beyond controversy that defendants knew of *and disregarded* a substantial risk to his personal safety. Therefore, plaintiff is not entitled to summary judgment.

Turning to defendants' cross-motion, defendants argue that they are entitled to judgment as a matter of law because they acted reasonably under the circumstances. Defendants have submitted evidence that defendant Auten contacted Sergeant Young twice on the morning of July 6, 2003, after being notified by plaintiff that he had safety concerns resulting from his cell mate's threats. Further, although the exact sequence of events remains unknown, plaintiff was moved out of the cell later that afternoon and no harm befell plaintiff at the hands of his cell mate. Plaintiff has set forth no evidence that raises a factual dispute with respect to these events. Although plaintiff contends that the log book, in which the calls to Sgt. Young were recorded, should be stricken, plaintiff's objection to the log book is based on the fact that he has not inspected it himself.[6] (Doc., Memo., 5:1-7.) This is not a legitimate evidentiary objection to the authenticity of the log book pages. Further, plaintiff has submitted no evidence refuting defendant Auten's attestation that she called Sgt. Young twice that morning regarding plaintiff's safety concerns.

Although there exist factual disputes between the parties, plaintiff has not raised a genuine issue of material fact as to the aforementioned limited facts, and based on these facts, the court finds that defendants' response to learning of plaintiff's safety concerns was reasonable under the circumstances. Although the fact that the alleged risk to plaintiff's safety never came to fruition is not dispositive, as the Eighth Amendment does not require that harm actually befall the inmate, Farmer, 511 U.S. at 845, it is neither wholly irrelevant. In this instance, within fifteen minutes of learning of plaintiff's safety concerns, defendant Auten contacted Sgt. Young, a superior office, and alerted him to the situation. Defendant Auten again contacted Sgt. Young approximately one hour later concerning the situation. Less than six hours later, plaintiff was given a cell move. Plaintiff has presented no evidence that defendants could have or should have taken steps beyond those that they did. Plaintiff's conclusory argument that this response was not reasonable is not sufficient to

---

[6] Discovery opened on July 8, 2005. The court notes that it was plaintiff, not defendants, who opened the door to a pre-discovery motion summary judgment by filing such a motion. Further, in opposing defendants' cross-motion for summary judgment, plaintiff did not seek relief from responding on the basis that he needed discovery. Fed. R. Civ. P. 56(f).

8

raise a genuine issue of material fact. Accordingly, the court finds that defendants are entitled to judgment as a matter of law on plaintiff's Eighth Amendment claim against them.

V.    Conclusion

The court finds that defendants are entitled to judgment as a matter of law on plaintiff's claim that they violated the Eighth Amendment by acting with deliberate indifference to plaintiff's safety. Therefore, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment, filed July 5, 2005, be DENIED; and

2. Defendants' cross-motion for summary judgment, filed August 23, 2005, be GRANTED, thus concluding this action in its entirety.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    October 20, 2005**              /s/ Lawrence J. O'Neill
b9ed48                                              UNITED STATES MAGISTRATE JUDGE